UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3243-BO

| | |
|---|---|
| PAUL SEELIG, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| ALVIN KEELER, et al., | ) |
| Defendants. | ) |

Paul Seelig, an inmate within the custody of North Carolina, filed this 42 U.S.C. § 1983 action. The matter is properly before the court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2). A claim having no arguable basis in law or in fact may be dismissed as frivolous. Neitzke v. Williams, 490 U.S. 319 (1989). Plaintiff originally appeared to include 10 named defendants and 200 John and Jane Does defendants. However, in a motion to amend he seeks to named Elizabeth Thompson, Nina Seals, Alphonsia D. Cogdell, John D. Floyd, Macre Crider, and Sergeant Kuhn as John Does 1-100 and Jane Does 1-100 [D.E. 11]. He has also filed a motion for appointment of counsel [D.E. 4] and a motion for entry of default [D.E. 10].

Prior to conducting this frivolity review, plaintiff filed a Motion to Amend on February 24, 2012 [D.E. 11]. A party may amend his pleading once as a matter of right, within 21 days after service or 21 days after service of the responsive pleading Otherwise a party may amend the pleading only by leave and leave shall be given when justice so requires. Fed. R. Civ. P. 15 (a). No service has been made, nor has a responsive pleading been filed. The court shall allow the Motion to Amend [D.E. 11].

Therefore, the court conducts the frivolity review as to both the original complaint, the Motion to Amend, and all other filings in this case. Fed. R. Civ. P. 10(c)(The papers attached to

the filings intended to be the complaint or amended complaint are a part of the complaint and amended complaint.) Plaintiff appears to raise claims of sexual harassment, deliberate indifference to a serious medical condition, interference with incoming and outgoing legal and personal mail, and retaliation. The claims are ALLOWED to proceed against the defendants.

Additionally, plaintiff seeks appointment of counsel [D.E. 4]. There is no constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). Plaintiff has asserted straightforward claims, and the case does not appear to present exceptional circumstances. Further, having survived the frivolity review, North Carolina Prisoner Legal Services (NCPLS) will investigate the matter. Therefore, the motion is denied at this time.

Accordingly, the motion to amend [D.E. 11] is ALLOWED thereby naming Elizabeth Thompson, Nina Seals, Alphonsia D. Cogdell, John D. Floyd, Macre Crider, and Sergeant Kuhn as defendants and dismissing the John Does 1-100 and Jane Does 1-100 as defendants [D.E. 11]. The matter survives frivolity and the claims are ALLOWED to proceed against named defendants with the exception of the John and Jane Does who have been DISMISSED. The motion for Entry of Default is DENIED [D.E. 10]. An incarcerated *pro se* plaintiff, proceeding *in forma pauperis*, is entitled to rely on the court through the Marshal for service of summons and complaint. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). This is the review under §

2

1915 which allows the suit to proceed; further, there is no indication defendants have been served with the complaint and summons in any other manner. Thus, defendants have not "failed to plead or otherwise defend" as required by Federal Rules of Civil Procedure, Rule 55. Lastly, the motion for appointment of counsel is DENIED as this time [D.E. 4].

SO ORDERED, this the __1__ day of June 2012.

*Terrence B.*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE