UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3243-BO

| | |
|---|---|
| PAUL SEELIG, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    O R D E R |
| | ) |
| ALVIN KEELER, et al., | ) |
|     Defendants. | ) |

Paul Seelig, an inmate within the custody of North Carolina, filed this 42 U.S.C. § 1983 action. Presently before the court is defendant Bell's motion to dismiss [D.E. 48] and a motion for summary judgment by defendants Alphonsia D. Cogdell, M. Crudup, John D. Floyd, Gibbs, Alvin Keller, Sergeant Kuhn, Robert Lewis, McRae, Mark Schuman, Nina Seals, Paula Smith, Elizabeth Thompson, and James Wiggins ("the DPS defendants") [D.E. 52]. Plaintiff has filed a motion for a temporary restraining order [D.E. 51] and a motion for summary judgment [D.E. 57]. Proper notice has been given to the parties as to all pending motions and responses thereto have been filed. In this posture, the matter is properly before the court.

## Issues

Seelig seeks a monetary award for violations of his Eighth and First Amendment rights. Specifically, he alleges sexual harassment by defendant Crudup from July 2011 until September 13, 2011. Compl. at 5. He alleges retaliation for reporting the harassment through the denial of medical care, unnecessary drug test, locker searches, and administrative segregation. Id. at 6. He alleges deliberate indifference to his medical care, discrimination, "deprivation of life necessity," and "reckless and callous indifference." Id. at 7-8. Seelig also asserts claims for the denial of

access to courts and retaliatory actions with administrative disciplinary proceedings. Am. Compl. at 4.

## Facts

At all times relevant to this matter, plaintiff was housed at Lumberton Correctional Institution ("LCI"). Compl. at 2. In July 2011, plaintiff alleges he was first sexually harassed, then sexually assaulted by a correctional officer. Id. at 5. On September 15, 2011, plaintiff wrote a letter of complaint to Alvin Keller ("15 September letter of complaint"). Id. at 5-6 and "Exhibit I-1." In retaliation for plaintiff's September 15th letter, plaintiff contends unspecified LCI staff members refused him insulin, refused to renew his prescriptions for Crohn's disease, refused him the proper diet for Crohn's disease, changed his bed assignment to a dorm where the inmates carry out the threats from correctional officers, searched his locker, woke him early for drug tests, placed him in administrative segregation and put him on the floor without his handicapped shoes. Id. at 6. LCI staff also retaliated against plaintiff for filing this case by lodging false administrative disciplinary charges. Am. Compl. at 3-4. Plaintiff claims his September 15th letter of complaint exhausted the administrative remedy process. Compl. at 6-7. Plaintiff also claims to have exhausted his administrative remedies by the October 20, 2011, submission of Grievance No. 4365-11-0617 ("Grievance No. 0617"). Grievance No. 0617 complains that his special 3000 calorie diet is not Crohn's disease compliant. Compl. at 7 "Exhibit J." Plaintiff also claims to have exhausted his administrative remedies by the January 31, 2012, submission of Grievance No. 4365-12-0070 ("Grievance No. 0070"). Am. Compl. at 3-4 and "Exhibit B." Grievance No. 0070 complains that administrative disciplinary infractions lodged against him were retaliatory. Id.

2

Case 5:11-ct-03243-BO Document 80 Filed 06/14/13 Page 2 of 6

Motion for Summary Judgment

The question of exhaustion concludes this matter, and thus that issue shall be reviewed and discussed as to all defendants.

i.  Standard of Review

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 586-87.

ii.  Analysis

The Prison Litigation Reform Act ("PLRA") states, "[n]o action shall be brought with respect to prison conditions [under section 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–86 (2006); see also Jones v. Bock, 549 U.S. 199, 216 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e] . . . ."); Anderson v.

XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211-212 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust his administrative remedies, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001).

The North Carolina Department of Public Safety ("DPS") has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008); Goulette v. Warren, No. 3:06CV235–1–MU, 2006 WL 1582386 (W.D.N.C. June 1, 2006). The DPS's administrative remedy procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DPS ARP § .0301(a). If informal resolution is unsuccessful, the DPS ARP provides that any inmate in DPS custody may submit a written grievance on Form DC–410. DPS ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the facility head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the facility head, he may appeal his grievance to the secretary of correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the inmate grievance examiner or a modification by the Secretary of Correction shall constitute the final step of the administrative remedy procedure. Id. § .0310(c)(6).

The exhaustion process ensures that "prison officials have been given an opportunity to address the claims administratively," before the prisoner files suit. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Filing suit before exhausting administrative remedies dooms the action. See, e.g., 42 U.S.C. § 1997e(a); Hayes v. Stanley, 204 F. App'x. 304, 304 n.1 (4th Cir.

4

2006) (per curiam) (unpublished) (holding that failure to exhaust administrative remedies may not be cured by amendment of the complaint); Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until [administrative procedures] have run their course."); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003). This complaint was filed on November 29, 2011. On that date plaintiff had filed his September 15 letter of compliant and Grievance No. 0617. Neither of these filings satisfied step 3 of the process in place. The letter may have been an attempt to circumvent the process, and does not satisfy exhaustion. See Harris v. Totten, 244 F. Supp. 2d 229 (S.D.N.Y. 2003) (dismissing § 1983 complaint for failure to exhaust because inmate's letters to prison officials did not comport with orderly grievance procedures). Likewise, Grievance No. 0617 had begun the grievance process, but was not resolved until January 18, 2012. Thus, the matter was not exhausted by November 29, 2011, and any claim of subsequent exhaustion fails as a matter of law. See Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) (dismissing inmate's § 1983 the complaint as premature where inmate grieved his claim, but filed the complaint two days before grievance review board announced its final decision); Leal v. Johnson, 315 F. Supp. 2d 345, 346 (W.D.N.Y. 2004) (dismissing inmate's § 1983 complaint as premature where inmate had not completed all steps of the administrative process at the time he filed suit.)

Additionally, the court notes that while Grievance No. 0070 was submitted after the original complaint and before the amended complaint, it was not fully exhausted until after the amended complaint was filed. On January 31, 2012, plaintiff submitted Grievance No 0070. On February 24, 2012 plaintiff filed his motion to amend. On March 26, 2012, the Inmate

5

Grievance Resolution Board issued it final decision. The amendment was filed before plaintiff completed the administrative review process, and is insufficient to fulfill plaintiff's obligation to fully exhaust administrative remedies. Furthermore, an inmate may not amend his complaint to correct exhaustion deficiencies. Exhaustion of administrative remedies during the course of litigation is insufficient to prevent dismissal. See Hayes v. Stanley, 204 Fed. App'x 304, 304 n.1 (4th Cir. Oct. 31, 2006) (per curiam); Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003) ("permitting exhaustion pendente lite undermines the objectives of section 1997e(a) . . .").

Accordingly, the matter is DISMISSED without prejudice for failure to exhaust. Therefore, both defendant Bell's motion to dismiss for failure to exhaust [D.E. 48] and the DPS defendants' motion for summary judgment [D.E. 52] are ALLOWED. Having so determined all other pending motions [D.E. 51 and 57] are DENIED as MOOT. The Clerk is DIRECTED to CLOSE the case.

SO ORDERED, this ___ day of June 2013.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE